# CITY OF ST. LOUIS v. CAROLINE E. CALHOUN and JOHN R. CALHOUN, Appellants.

**Division One, July 1, 1909.**

1. **CONDEMNATION: Amendment of Charter: New Suit.** An amendment to the city charter which does not change but continues the substantive law relating to the condemnation by the city of private property for a public use, but relates only to matters of procedure, does not require the city to dismiss a suit already begun for the condemnation of private property for a public alley, and to begin a new suit. The property-owner has no vested rights in matters of procedure.

2. ————: **Necessary Parties.** Property-owners in the block, whose lands are not taken, but against whom benefits are to be assessed, are not necessary parties defendant in a suit by the city to condemn land for a public alley.

3. ————: **Notice.** The notice given by the city counsellor to the parties whose property was affected by the condemnation proceeding, setting forth the time and place for the assessment of benefits, is set out in paragraph 3 of the opinion, and is held to be in all things sufficient.

4. ————: **Damages.** Where the evidence is conflicting as to the amount by which the defendants' property was damaged by the construction of the public alley, the award of damages allowed will not be set aside on appeal as inadequate, unless it is flagrantly inadequate.

5. ————: **Both Benefits and Damages.** It was proper in awarding to defendants damages for land taken for a public alley through their property to charge their property with reasonable benefits also. The charter contemplates, in case of alleys, that each lot abutting on the alley will be considered separately.

Appeal from St. Louis City Circuit Court.—*Hon. W. M. Kinsey*, Judge.

AFFIRMED.

*John W. Calhoun* and *Bernard Greensfelder* for appellants.

(1) The charter provisions under which this action was instituted having been repealed and there being no saving clause providing for the continuation of suits pending at the time of the adoption of the amendment, the proceedings must fail. Had the revised charter intended that all proceedings should continue for alley or street openings instituted prior to the date of the amendment going into effect, a saving clause like that under article 16, section 4, of the Scheme and Charter, would have been inserted. Com. v. Marshall, 11 Pick. 350; Com. v. Kimball, 21 Pick. 373; Norris v. Crocker, 54 U. S. 440; U. S. v. Tynen, 78 U. S. 88; Barton v. Incorporation of Gadsden, 79 Ala. 495; Naylor v City of Galesburg, 56 Ill. 285; In re Town of Rutherford v. Swink, 96 Tenn. 564; City of Burlington v. Estlow, 43 N. J. L. 13; Kansas City v. Clark, 68 Mo. 588; Yall v. Gillham, 187 Mo. 393; City v. Stoddard, 15 Mo. App. 178. (2) Though a subsequent statute be not repugnant in all its provisions to a prior one, yet if the latter statute was clearly intended to prescribe the only rules which are to govern, it repeals the prior one. Davis v. Fairharn, 44 U. S. 636; U. S. v. Barr, 4 Sawy. 254; State v. Conkling, 19 Cal. 501; Gorham v. Luckett, 45 Ky. 146. The amendment of a statute operates as an absolute repeal of the old statute or section so amended even if the amendment takes nothing from the old law, but merely adds a proviso in certain cases. Billings v. Hurvey, 6 Cal. 381; Hoffman v. Hall, 102 Cal. 26; State v. Duval Co., 23 Fla. 483; Breitung v. Lindmer, 37 Mich. 217; In re Prime, 136 N. Y. 347; State v. Andrews, 20 Tex. 230; State v. Ingersoll, 17 Wis. 631. (3) The right of eminent domain is construed with the utmost strictness. Ells v. Railroad, 51 Mo. 200; Belcher Sugar Co. v. Grain Co., 82 Mo. 121; State v.

Fanelly, 36 Mo. App. 282. The statute authorizing it must be strictly adhered to, and every prerequisite to the exercise of jurisdiction observed. Leslie v. St. Louis, 47 Mo. 474; Belcher Sugar Co. v. Grain Co., 82 Mo. 121; St. Louis v. Glensin, 89 Mo. 67; State v. Fanelly, 36 Mo. App. 282; Four v. Hope, 48 Mo. App. 254. (4) If city counselor's notice is not in compliance with the city charter and municipal ordinances and all defendants were not served personally, or by ordinary order of publication, judgment is void. 2 Lewis on Eminent Domain (2 Ed.), sec. 367; City v. Roch, 169 Mo. 591; In re Central Park, 51 Barb. 277; State v. City of Elizabeth, 32 N. J. L. 357; Amackinbusch v. District of Columbia, 20 D. C. 308; Williams v. Kirby, 169 Mo. 622; Simmons v. Dardiner, 6 R. I. 255. (5) The city can only acquire jurisdiction of the proceedings to lay out a highway by a strict compliance with the statutory directions, and no consent of the applicants for the highway or the persons through whose lands the same is laid out can validate the proceedings or estop them from questioning their validity, if the city has failed to comply with the statutory requirements. Ruhland v. Supervisors of Hazel Green, 55 Wis. 664; Austin v. Allen, 6 Wis. 134; York County v. Fewell, 21 S. C. 106; State v. Marble, 26 N. C. 318. (6) Where proceedings under a former law had been commenced and a warrant to the sheriff to summon a jury had been issued, but nothing further had been done, when a later act took effect, the city had no authority to proceed any further. Wade v. St. Mary's Industrial School, 43 Md. 178; Asphalt Paving Co. v. Ullman, 137 Mo. 543. (7) The exceptions to the commissioner's report should have been sustained for the reason that the award of the commissioners was not sufficient to properly compensate the appellants for the damages sustaind by them, and for the further reason that no benefits should have been assessed against these parties.

*Charles W. Bates* and *James G. McConkey* for respondent.

(1) The report of commissioners in a condemnation proceeding to open a highway should not be set aside unless the trial court is clearly satisfied that the commissioners have erred in the principles on which they made their appraisals, and unless the damages awarded by the commissioners were so flagrantly inadequate or excessive as to justify an interference by the court there is nothing for review, and their report should not be disturbed. What is here said of the damages awarded applies with equal force to the benefits assessed. St. Louis v. Lannigan, 97 Mo. 178; Railroad v. Richardson, 45 Mo. 468; St. Louis v. Brown, 155 Mo. 567; St. Louis v. Abeln, 170 Mo. 324; 2 Lewis on Eminent Domain (2 Ed.), sec. 524; Mills on Eminent Domain, 246. Unless mistake, fraud, prejudice, or passion manifest themselves in the rendition of a verdict, the Supreme Court will not interfere in law cases by weighing the evidence on which the verdict is found, especially where the evidence is conflicting. St. Louis v. Lannigan, 97 Mo. 178; St. Louis v. Abeln, 170 Mo. 324; St. Louis v. Brown, 155 Mo. 567; Fulkerson v. Mitchel, 82 Mo. 22; Grove v. Kansas City, 75 Mo. 676; Krider v. Milner, 99 Mo. 145; St. Louis v. Lane, 110 Mo. 260; Mills on Eminent Domain, 246. (2) The city counselor's notice in this case is in compliance with the charter and municipal ordinances. The block in which benefits are to be assessed is not only named by number, but bounded by the surrounding streets. Sec. 878, Revised Code of St. Louis (Woerner, 1907); St. Louis v. Brinckwirth, 204 Mo. 304; St. Louis v. Rankin, 96 Mo. 506; St. Louis v. Koch, 169 Mo. 591. In a proceeding to establish and open an alley, the benefit district is defined by the charter, and confined to the block in which the alley is opened. Sec. 5, art. 6, charter of St. Louis; St. Louis v. Brinck-

wirth, 204 Mo. 304; St. Louis v. Rankin, 96 Mo. 506; St. Louis v. Koch, 169 Mo. 591. (3) It was not necessary to make all the persons who owned property in the block defendants in the condemnation petition in this case, irrespective of whether or not their land was to be appropriated or damaged, but only such persons whose property was to be taken or damaged should have been made parties defendant in said petition. St. Louis v. Rankin, supra; St. Louis v. Brinckwirth, supra. (4) The changes made by the amendments in the mode of procedure, as set out in article 6 of the charter, were not such as to necessitate the dismissal of this suit. When the Constitution gave to the city the right to provide by charter for the condemnation of private property for public uses, it left to the city the right to prescribe in its charter and ordinances the manner in which the courts and parties should proceed when such property is to be appropriated for public uses under said charter provisions. K. C. v. Marsh Oil Co., 140 Mo. 472; State ex rel. v. Field, 99 Mo. 357. The mode of procedure provided for in the charter to govern in condemnation proceedings brought thereunder is found in sections 1 to 11, inclusive, of article 6 thereof. These are sections some of which were amended by the amendments of 1901. This mode of procedure takes the place of the general laws of the State relative to such proceedings, so far as it is in harmony with and subject to the laws of the State. K. C. v. Oil Co., 140 Mo. 472; State ex rel. v. Field, 99 Mo. 357; 1 Lewis on Eminent Domain (2 Ed.), sec. 247; Uwchlan Township Road, 30 Pa. St. 157; Hickory Tree Road, 43 Pa. St. 143; Rosenfeldt v. Railroad, 180 Mo. 564; State v. Jackson, 105 Mo. 199; Duncan v. Mo., 152 U. S. 382; Thompson v. Mo., 171 U. S. 388.

GRAVES, J.—By Ordinance No. 20280 the Municipal Assembly of the city of St. Louis established a fifteen-foot alley through City Block No. 1307, the south line of said alley to be one hundred and thirty-five feet south of the south line of Geyer avenue. City Block No. 1307 is bounded on the north by Geyer avenue; on the south by Allen avenue; on the west by Longfellow boulevard, and on the east by Nebraska avenue. Defendant, Caroline E. Calhoun, is the owner of lots 1, 2, 23 and 24 in said city block, which are used as one tract and in one inclosure, having a fifty-foot front on Geyer avenue. Back forty feet from the building line there is situated a double house of two stories and a basement, forty-two feet in width, each side having ten rooms and a basement. These houses extend back to within about thirty-four feet of the proposed alley and the back steps to within about 22.5 feet of said proposed alley. The steps extend 11.5 feet further south than the walls of the house. To the south and west of the house and flush with Longfellow boulevard is a shed twelve by thirty feet, in which are located closet vaults for use from the downstair rooms of the two houses, there being toilet rooms on the upper story of the house. The proposed alley takes the northern portion of this shed and the northern portion of the vaults therein. The rear portion of the tract of four lots was used as a yard in connection with the houses, and was set with trees and shrubery, a portion of which would be taken by the proposed alley. The width of the tract, as above stated, is a fraction over fifty feet on Geyer avenue, and the depth a fraction over two hundred and seventy-one feet. Originally the tract was the same width on Allen avenue, but in the construction of Longfellow boulevard, the south end of the tract was reduced to a width of about thirty-five feet, a portion being taken

off of lot 24, which at that end was originally twenty-five feet and now a fraction more than ten feet. Lot 23 was left intact at the construction of the boulevard.

Under said Ordinance No. 20280, the city of St. Louis proceeded under the provisions of article 6 of its charter to condemn property for this alley by proceeding in the circuit court. After the proceeding was begun and before final disposition of the matter the city charter was amended in several particulars.

Defendant, John R. Calhoun, is the husband of Caroline E. Calhoun. In the proceeding a strip of fifteen by fifty feet through defendants' property was condemned. The damages were assessed at $961.66 and the benefits at $79.50, leaving the net damages $882.16. These appealing defendants filed exceptions to the report of the commissioners as did also other defendants interested, which exceptions being by the court overruled, the Calhouns appealed, but the others abided the action of the court, *nisi*.

For a reversal of the judgment the defendants urge (1) that upon the amendment of the charter, the cause should have been dismissed and reinstituted under the new charter and that a failure so to do left the court, *nisi*, without jurisdiction; (2) that the damages allowed are wholly inadequate; (3) that there was no legal right to assess benefits, and the property was not benefited in fact; (4) that the city counselor's notice to the parties setting the time and place for the assessment of damages and benefits was insufficient, and (5) that the petition did not contain the names of the property-owners in the block, both those whose property was taken and those whose property was not taken.

It will be well to here state that through the eastern portion of the block there was a private alley already in use. This sufficiently states the facts.

I.   Going to the first contention of the defend-
ants, it will be seen that they urge that certain sections
of article 6 of the city charter were amended between
the time this proceeding was instituted and the final
adjudication therein, and that for this reason the ac-
tion must fail.   They say that after these amendments
the action should have been dismissed and another ac-
tion reinstated under the amended charter, and this
because there was no saving clause providing that
pending actions under the old charter should be con-
tinued under the new charter.   Counsel have pointed
out the particular words added or the particular words
stricken out of the old charter by the amendments of
1901.   We hardly think it necessary to reproduce the
old and new provisions of these sections in article 6
for the reason that each section thus pointed out re-
lates merely to the matter of procedure, in cases of
condemning private property for public use.     The
power to condemn is conferred by section 26 of article
III of the charter, and this section is not amended.
The right to levy, assess and collect the funds with
which to pay for private property thus appropriated
is contained in said section 26 of article III, so that
it will be seen that the substantive law was the same
throughout the proceeding.   The right to condemn
private property for public use, and the right to pro-
vide funds for the payment thereof was in no wise
changed, and the changes made in the matter of pro-
cedure were mostly inconsequential.

An eminent authority, Lewis on Eminent Domain,
vol. 1, p. 582, thus states the rule of law applicable
to cases where the change of law goes only to matters
of procedure:   ''The effect of a change or amend-
ment of statute pending proceedings under it must
depend largely upon the circumstances of the par-
ticular case.   If the right to condemn or the jurisdic-
tion of the particular court or tribunal before which
the proceedings are pending is taken away, the pro-

ceedings must necessarily fall to the ground; but if there is simply a change in the mode of procedure, then they may be continued under the new statute.''

A party litigant has no vested rights in mere matters of procedure. He may and often does have vested rights under substantive law, but the Legislature has the right to regulate matters of procedure, and such regulations do not affect any vested rights of party litigants. Such has been our rulings and they conform to universal precedent. [State v. Jackson, 105 Mo. 196; State v. Taylor, 134 Mo. 109; State v. Duestrow, 137 Mo. 44; Clark v. Railroad, 219 Mo. 524.]

But it is contended that these sections of the city charter were repealed and new sections were enacted in lieu thereof and that there was thereby a total repeal of the old law. As stated above the new sections re-enacted the greater part of the old sections. In places words were added and in other places words were stricken therefrom. If these statutes relate to procedure merely as we have concluded, the discussion of this question is not required, because it might be conceded that vital changes had been made, which is not true in this case, and yet there would be no room for complaint and this for the reason that no vested rights of the party litigant would be affected. So long as there remains a right to condemn private property and a right to levy, assess and collect funds from which to pay for such property, the substantive rights remain the same, and changes in matters of procedure, whether by amendment or new acts, do not affect the substantive right, or perhaps more properly speaking the right given by substantive law. In Lewis' Sutherland on Statutory Construction (2 Ed.), sec. 674, it is said: ''If before final decision a new law as to procedure is enacted and goes into effect, it must from that time govern and regulate the proceedings. But the steps already taken, the status of

the case as to the court in which it was commenced, the pleadings put in, and all things done under the late law, will stand unless an intention to the contrary is plainly manifested; and pending cases are only affected by general words as to future proceedings from the point reached when the new law intervened.''

This case was begun under rights and powers given the city by its charter, which rights were in no way changed by the amendments. We do not think there is substance in this contention of the defendants and it is ruled against them.

II. Another contention is that certain property-owners whose lands were not to be taken, but against whom benefits were to be assessed, were not brought into the circuit court by summons and for this reason the proceeding is void.

This question was fully determined some years ago in the case of the City of St. Louis v. Ranken, 96 Mo. 1. c. 507. In that case a party against whom benefits were assessed urged that he should have been made a party to the condemnation suit by summons from the circuit court, and that a mere notice from the city counselor for him to appear at the time and place fixed for the assessment of benefits was insufficient. In that case we then said: ''It is not necessary that he should be made a party defendant by petition and summons in the condemnation proceedings. It is sufficient if he is made a party defendant to the tax-assessing branch of the proceedings, by the appropriate and characteristic notice usually given to the taxpayer, provided for in the charter and ordinances, and an assessment made in strict conformity to their requirements is a valid assessment.''

And in the late case of St. Louis v. Brinckwirth, 204 Mo. 1. c. 303, we disposed of the same question in this language: ''In the case at bar defendants claim that the proceeding is void for two reasons: First,

they say that they were not parties to the condemnation suit, and for that reason the entire proceeding is void. This contention is not good. None of their property was to be taken or was in fact taken. Their property simply abutted on one of the alleys to be established. Had the alleys required the appropriation of any part of their land, then they should have been made parties to the condemnation branch of the proceeding. Otherwise they did not have to have notice of this suit. [City of St. Louis v. Ranken, 96 Mo. 497.]''

It therefore follows that this contention must likewise be ruled against the defendants.

III.    Neither is there force in another contention urged, to the effect that the notice given by the city counselor was insufficient. The notice questioned thus reads·

"St. Louis, May 15, 1902.
*"To Whom it May Concern, Take Notice*:

"The Commissioners, in the matter of opening an alley in City Block 1307, under Ordinance No. 20280, will meet at room 234, City Hall, on May 22, 1902, at 3 p. m., for the purpose of assessing benefits occasioned by said opening, and all parties interested are invited to be present; when and where they have the right to be heard, and may except to the Commissioners' report before the Circuit Court when it is filed.

"The taxing district for said opening includes the property within the following described boundaries:

"North by Geyer Avenue.

"South by Allen Avenue.

"East by Nebraska Avenue.

"West by Longfellow Boulevard.

"CHAS. W. BATES,

"City Counselor."

It will be observed that this notice not only gives the block, constituting the benefit district, but gives the boundaries thereof. The street upon each side is given. This notice is unquestionably sufficient. [City of St. Louis v. Koch, 169 Mo. 1. c. 591; St. Louis v. Brinckwirth, 204 Mo. 1. c. 304.]

IV. Further it is contended that the damages allowed are wholly inadequate. There were, as above stated, two sets of exceptions filed to the commissioners' report in this case. These defendants excepted, as also did certain parties against whom benefits were assessed. Defendants urged in their exceptions the gross inadequacy of the damages allowed. The other exceptors urged that such damages were excessive. Evidence was heard which was conflicting. Among the witnesses were the three commissioners. Under such circumstances we do not feel that the damages allowed were so grossly inadequate as to authorize a disturbance of this judgment upon the report of the commissioners. We have as a rule declined to interfere where the evidence is conflicting. [City of St. Louis v. Lanigan, 97 Mo. 1. c. 178; City of St. Louis v. Brown, 155 Mo. 1. c. 567; City of St. Louis v. Abeln, 170 Mo. 1. c. 324.]

In the later case, supra, we quoted with approval the following language from Cape Girardeau v. Dennis, 67 Mo. 438: "This court, however, will not ordinarily review the action of the circuit court in such cases when the testimony is conflicting. It is only when the damages are flagrantly excessive or inadequate that we will interefere."

In the Lanigan case, *supra,* it is said: "Besides, in cases of the sort now under consideration, it is to be observed that the judgment of the commissioners is not formed exclusively upon evidence submitted to them; they are required to review the premises, and they have the advantage of an actual personal in-

spection; and they are to be guided to some extent by that. Selected because of their capacity and fitness for the position they are called upon to fill; required to be disinterested; sworn to a faithful discharge of the duties imposed upon them, their report should not be set aside but upon satisfactory grounds; the testimony of witnesses as to value, whether heard before the commissioners, or subsequently by the court, on exceptions filed, though entitled to due consideration, is not controlling; and 'unless the court is clearly satisfied that they have erred in the principles upon which they have made their appraisal, there is nothing for review and their report should not be disturbed.' [Railroad v. Richardson, 45 Mo. 466; Railroad v. Campbell, 62 Mo. 585.]''

We should not disturb the judgment for the reason as thus urged by defendants. An examination of the testimony does not show such a state of facts as to authorize our interference under the rules expressed by our former cases.

V. Lastly it is contended that there should have been no assessment of benefits. It must be remembered that the plaintiff owned four lots, two fronting north and two fronting south, and this alley was run between the two sets of lots.

The charter provision as to assessments of damages and benefits is found in section 5 of article 6, which section reads: "It shall be the duty of the commissioners to ascertain the actual value of the land and premises proposed to be taken, without reference to the projected improvement and actual damages done to the property thereby, and for the payment of such values and damages to assess against the city the amount of benefit to the public generally, and the balance against the owner or owners of all property which shall be especially benefited by the proposed improvement in the opinion of the commissioners, to the amount

that each lot of said owner shall be benefited by the improvement. The sums to be paid by the owners of property especially benefited by the improvement, as ascertained by the commissioners, shall be a lien on the property so charged, and shall be collected as provided by ordinance, and when collected shall be paid into the city treasury as a separate fund to be used exclusively for the payment of the damages awarded. *Provided, however, that in the opening of an alley the benefits shall be paid by the owners of property in said block abutting on the proposed alley.*"

It will be noticed that the charter itself fixes the benefit district in cases of alleys, and that benefit district includes all property abutting on such alley. There are no persons except those whose property may be taken coming within the benefit district. In this particular case there being an established alley for a portion of the distance through the block, some persons were interested in this proceeding who did not have property appropriated. But this provision applies to all cases. Each lot must be considered separately. This was done in this case. There was evidence tending to support the commissioners' report.

This is not the first appearance of this question in this court. In City of St. Louis v. Wetzel, 110 Mo. l. c. 263, Judge BARCLAY, said: "An alley had previously been opened from Miller street, part way through that block; and the taking of the strip of land mentioned would prolong the original alley as a passage way through the entire block from Miller to Barry street. The strip was alleged to belong to Mr. Thomas. The commissioners valued it at $820, and assessed 'benefits' partly against his adjoining property, and partly against the property of the appealing defendants, which abutted on that portion of the alley previously opened 'in said block.' Judge VALLIANT, who tried the present case, held that mode of assessing

'benefits' correct.    We entirely coincide in his judgment on that subject for the reason given in City of St. Louis v. Lane, *ante*, p. 254.''

It will be observed that in the Wetzel case the strip of ground for the alley was taken out of the property belonging to one Thomas, and benefits were assessed against his, Thomas's, adjoining property, as in the case at bar.    That mode of assessing benefits is held correct.

In fact where the benefit district is limited to the abutting property, as in case of an alley, no other mode could be adopted, and have a benefit district at all, where the alley is being put through the entire block.    Under our holdings there was legal right to assess benefits, and without more than there appears in this record, we should not disturb the result.

Finding no error in the record, the judgment should be and is affirmed.    All concur.