STATE BOARD OF REGISTRATION
FOR THE HEALING ARTS,
Appellant,

v.

Glen WARREN, D.O., Respondent.

No. WD 44266.

Missouri Court of Appeals,
Western District.

Oct. 22, 1991.

Motion for Rehearing and/or Transfer to
Supreme Court Denied Nov. 26, 1991.

Application to Transfer Denied
Jan. 28, 1992.

William L. Webster, Atty. Gen., Sara L. Trower, Asst. Atty. Gen., Jefferson City, for appellant.

Paul H. Gardner, Jefferson City, for respondent.

Before LOWENSTEIN, P.J., and FENNER and HANNA, JJ.

HANNA, Judge.

This is an appeal from a decision of the Administrative Hearing Commission (AHC) where the respondent Warren was awarded $1,977.19 for attorney fees and expenses.

On August 10, 1989 the appellant, State Board of Registration for the Healing Arts (Board), filed an administrative complaint before the AHC charging Dr. Warren with failure to comply with administrative subpoenas issued by the Board on September 26, 1988 and January 18, 1989. Dr. Warren's motion to dismiss was sustained by the Administrative Hearing Commissioner (Commissioner) and that decision was not appealed by the Board. Warren was the prevailing party and he applied for attorney fees and expenses pursuant to § 536.-087 RSMo (1986) and was awarded $1,977.19 by the Commissioner. A petition

for review was heard in the circuit court of Cole County and the award of $1,942.50 for attorney fees was affirmed. Thirty–Four Dollars and Sixty–Nine Cents for long distance telephone calls and express delivery services was vacated.

Dr. Warren's application for attorney fees is made pursuant to § 536.087 which has an effective date of August 28, 1989. The administrative complaint was filed by the Board 18 days before on August 10, 1989.

■ The single issue is whether § 536.-087 should be applied retroactively to the date the complaint was filed or whether the statute is prospective and only applies to actions filed after August 28, 1989.[1]

Section 536.087 provides that a prevailing party "... shall be awarded reasonable fees and expenses ..." in certain types of cases unless the state's position was substantially justified or special circumstances existed making an award unjust. The statute is modeled after a provision of the Equal Access to Justice Act, specifically, 5 U.S.C. § 504. The Missouri law identifies certain contested civil cases where the state is represented by an attorney. The statute has as its purpose to require the state agencies to carefully scrutinize agency and court proceedings. It is designed to increase the accountability of the administrative agencies.

■ By its passage, the legislature has waived the sovereign immunity of the state and consented to be sued for expenses and fees to the extent set forth in the statute. The state has prescribed the manner and the extent to be sued and the procedure to be followed. *See Charles v. Spradling*, 524 S.W.2d 820, 823 (Mo. banc 1975). But the statute has not given direction on whether it is to be applied prospective only or has a retroactive interpretation. It is silent on this issue and therefore before us for decision.

The general rule of law is expressed as a reluctance of retroactive application of newly enacted legislation. *See State ex rel. St. Louis–San Francisco Ry. Co. v. Buder*, 515 S.W.2d 409, 411 (Mo. banc 1974). Article 1, Section 13 of the Missouri Constitution provides "That no ex post facto law, nor law ... retrospective in its operation, ... can be enacted."

■ Statutes are generally construed to operate prospectively unless the legislature specifically provides that the statute have retroactive effect. *See St. Louis County v. University City*, 491 S.W.2d 497, 499 (Mo. banc 1973). It is clear that § 536.087 provides no legislative intent that the statute be given retrospective operation. A second exception is where the statute is procedural only and the substantive rights of parties are not affected. *Buder*, 515 S.W.2d at 410. Therefore, it is necessary to determine whether the statute relates to matters procedural in nature or remedial, and if remedial, whether substantive rights are affected.

Legislation of this sort has a broad public policy purpose to insure the legitimacy and fairness of government and the law. The contest between private citizens and the government is to be decided on the merits of the matter and not on its costs. *Commissioner, I.N.S. v. Jean*, 496 U.S. 154, 110 S.Ct. 2316, 2322, n. 14, 110 L.Ed.2d 134 (1990). It is reasonable to ask the state through its tax dollar to finance those contests where the public policy is formulated. *Id.* In this sense the legislation has a remedial purpose. This would suggest a retroactive interpretation unless substantive rights are impaired.

■ A retrospective law is one which impairs existing vested rights. *Clark v. Kansas City, St. Louis & Chicago R.R., Co.*, 219 Mo. 524, 118 S.W. 40, 43 (1909); *Lincoln Credit Co. v. Peach*, 636 S.W.2d 31, 34–35 (Mo. banc 1982). The retrospective prohibition does not apply where the statute is procedural only and does not affect any substantive rights of the parties. *Robinson v. Heath*, 633 S.W.2d 203, 205

---

1. The issue presented here of retroactivity of the statute was not raised before the Commissioner, but was first addressed in the circuit court.

(Mo.App.1982). The distinction between substantive and procedural law in this respect is that substantive law creates, defines, and regulates rights. *Shepherd v. Consumers Co-op. Ass'n,* 384 S.W.2d 635, 640 (Mo. banc 1964). It relates to the rights and duties giving rise to the cause of action. Substantive rights "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past." *Buder,* 515 S.W.2d at 410 and *Barbieri v. Morris,* 315 S.W.2d 711, 714 (Mo.1958). Procedural law is the machinery used for carrying on the suit. *Shepherd,* 384 S.W.2d at 640.

Missouri follows the American Rule that absent some statutory authorization, contractual agreement, or special circumstances in equity matters, each litigant must bear the expense of their attorneys' fees. *Mayor, Councilmen, and Citizens of Liberty v. Beard,* 636 S.W.2d 330, 331 (Mo. banc 1982), *Arnold v. Edelman,* 392 S.W.2d 231, 239 (Mo.1965). Specifically, statutory authority is essential to obligate a sovereign for payment of attorney fees. *In the Interest of K.P.B.,* 642 S.W.2d 643, 644–645 (Mo. banc 1982). Before the enactment of § 536.087, R.S.Mo.1989 there were no statutory provisions allowing a private party to recover attorney fees or other expenses. A litigant before an administrative agency and the courts had to bear their own costs.

The expenses of prosecution and investigation, which included attorney fees and a 10% addition to any award made, were found to be punitive in *State ex rel. Webster v. Cornelius,* 729 S.W.2d 60, 66 (Mo. App.1987). The statutory amendments allowing these expenses were effective after the commencement of the action. Because the law provided for penalties it had to be given prospective application only. *Id.*

Warren argues that this legislation does not create a new cause of action and directs our attention to *Wilkes v. Mo. Highway and Transp. Comm'n,* 762 S.W.2d 27, 28 (Mo. banc 1988) which announces that:

"An act abrogating sovereign immunity does not create a new cause of action but provides a remedy for a cause of action already existing for which redress could not be had because of the immunity."

Wilkes had an automobile accident in March, 1984. *Id.* at 27. At that time *Jones v. State Highway Comm'n,* 557 S.W.2d 225 (Mo. banc 1977) had entirely abrogated sovereign immunity (effective August 15, 1978) and the legislature had enacted § 537.600 (effective August 13, 1978). The statute was later amended effective September 28, 1985. As amended, the statute provided a remedy "... for a cause of action whose remedy was previously barred" and therefore, was procedural and had retroactive effect. *Wilkes,* 762 S.W.2d at 28. It did not create new rights, but simply conferred an authority to sue that had been previously lacking. *Mispagel v. Mo. Highway and Transp. Comm'n,* 785 S.W.2d 279, 281 (Mo. banc 1990). Because the statute abrogating the immunity did not interfere with vested rights of a party or create a new right, it is distinguishable from this case.

Before the enactment of § 536.087 there was no requirement that the state pay attorney fees or other expenses. The statute created a previously unrecognized right in certain prevailing litigants and imposed new obligations on the state by eliminating an immunity that it previously enjoyed. These factors define the law as substantive and its retrospective application as violative of vested rights. Therefore, the law cannot be applied retroactively and the decision of the circuit court must be reversed.

The judgment of the circuit court is reversed and remanded with directions that the court order the Administrative Hearing Commissioner to vacate the order awarding attorney fees.

All concur.