Edgar L. STRICKLAND, III, Trustee,
et al., Respondents,

v.

Dennis BRYANT, et al., Appellants.

No. WD 46217.

Missouri Court of Appeals,
Western District.

Feb. 9, 1993.

Alan Dietchman, Liberty, for appellants.

M.A. Thalman, Platte City, for respondents.

Before FENNER, P.J., and TURNAGE and SPINDEN, JJ.

SPINDEN, Judge.

The trial court awarded attorney's fees to the plaintiffs, Edgar and Florence Strickland, in their declaratory judgment action against Dennis and Renee Bryant and the Weston Special Road District. The Stricklands sued to have a portion of a roadway declared public and to enjoin the Bryants from blocking the road. The Bryants appeal the award of attorney's fees. The road district did not join in the appeal. We reverse the trial court's award of attorney's fees.

At issue was Bowlin Road in Platte County. The road went past the Bryants' property to the Stricklands' property. The road district had maintained the road for more than 10 years by grading it and putting fresh rock on it. It has been a public road for more than 10 years. The Bryants put some kind of barricade across the road blocking the Stricklands' access to a portion of the Stricklands' property. The Stricklands sued. They asked the court to declare the road to be a public road and to enjoin the Bryants from blocking the road. The Bryants removed the barricade after the Stricklands filed suit.

The trial court entered summary judgment on December 17, 1991, declaring, pursuant to § 228.190,[1] that the road was public and ordered the Bryants to pay $1690 in attorney's fees to the Stricklands. The Bryants' removal of the barricade mooted the Stricklands' request for an injunction.

In their only point on appeal, the Bryants argue that the trial court erred in awarding attorney's fees to the Stricklands. They assert that fees are appropriate only when a statute or contract mandates such an award or in cases of special circumstances. Such was not the case here, they argue. We agree.

■ Missouri courts have followed the so-called American rule concerning attorney's fees: In the absence of statutory authorization or contractual agreement or special circumstances of equity, litigants bear the expense of their own attorneys. *Arnold v. Edelmen*, 392 S.W.2d 231 (Mo. 1965); *State Board of Registration for the Healing Arts v. Warren*, 820 S.W.2d 564 (Mo.App.1991). The trial court did not cite a statute in awarding attorney's fees, but the Stricklands, in defense of the court's order, refer to § 527.100 which states, "In any proceeding under sections 527.010 to 527.130 [governing declaratory judgment actions] the court may make such award of costs as may seem equitable and just."

The Supreme Court has promulgated Rule 87.09 which is identical to § 527.100.

The Supreme Court of Missouri considered a claim that § 527.100 authorized attorney's fees in *Mayor, Councilmen and Citizens of the City of Liberty v. Beard*, 636 S.W.2d 330 (Mo. banc 1982). The court concluded:

Although Appellants refer to Section 527.100 ..., they show no statutory authorization or contractual agreement for an award of attorneys' fees to satisfy the governing rule [the American rule].

The obvious exception to the rule in Missouri is represented by *Bernheimer v. First National Bank of Kansas City*, 359 Mo. 1119, 225 S.W.2d 745 (1949). Although it was a declaratory judgment action, it was filed in equity to obtain a construction of a testamentary trust[.]

Appellants extract the statement from *Labor's Educational and Political Club—Independent v. Danforth*, 561 S.W.2d 339, 350 (Mo. banc 1977), that "costs has been interpreted to include attorneys' fees." This is attributed to *Bernheimer v. First National Bank*, distinguished supra, and is not persuasive on the question here.

*Id.* at 331. This court's Eastern District has interpreted *Mayor:*

The Missouri Supreme Court in *Mayor* ... held that the Declaratory Judgments Act is not in and of itself support for awarding attorney's fees.

. . . .

The Supreme Court in *Mayor* was careful to limit the *"Bernheimer* exception" to one of "special circumstances" and held that "costs" in § 527.100 did not automatically include attorney's fees. The court specifically rejected the broad interpretation given to *Bernheimer* by later cases that "costs" in declaratory judgment actions include attorney's fees[.]

---

1. All statutory references are to the 1986 Missouri Revised Statutes. Section 228.190 provides, "All roads in this state that have been established by any order of the county commission, and have been used as public highways for a period of ten years or more, shall be deemed legally established public roads; and all roads that have been used as such by the public for ten years continuously, and upon which there shall have been expended public money or labor for such period, shall be deemed legally established roads[.]"

 *Washington University v. Royal Crown Bottling Company of St. Louis,* 801 S.W.2d 458, 468 (Mo.App.1990). We conclude that § 527.100 is not sufficient authorization for the trial court's award of attorney's fees.

The Stricklands rely on *Union Center Redevelopment Corp. v. Leslie,* 733 S.W.2d 6 (Mo.App.1987). This court distinguished *Union Center* in *Temple Stephens Company v. Westenhaver,* 776 S.W.2d 438, 442 (Mo.App.1989):

> [*Union Center*] is distinguished because appellants did not contest the award of attorney fees as a violation of the American Rule expressed in *Mayor* ... and its progeny, and, as a result, the appellate court affirmed the award of attorney fees but did not consider the American Rule and whether "special circumstances" existed.

We turn, then, to the issue of whether special circumstances existed in this case which would support the award of attorney's fees. The *Bernheimer* court found special circumstances in a case in which the declaratory judgment was "important to ... testamentary trustees in ascertaining the meaning of [a] will, and in charting a course for the administration of [a] trust estate." 225 S.W.2d at 755.

 The Stricklands argue for a broad interpretation of *Bernheimer.* They contend that special circumstances exist when an action is not for the sole benefit of the litigant but is acting in the public interest. The Stricklands assert they were acting in the public interest to keep the Bryants from closing a public road. They also argue that the Bryants' intentional conduct should be deemed a special circumstance.

We do not reach the issue in this case because we do not have a sufficient factual base to review the Stricklands' arguments. This lawsuit ended shortly after it began with a summary judgment. We can find no facts in the record suggesting public benefit, except that the Weston Special Road District deemed it a public road. We do not know from the limited facts before us whether the road was used only by the Stricklands or by others. We can find no facts explaining a motive—intentional or otherwise—for the Bryants' conduct.

We conclude, therefore, that the trial court had no authority for entering an award of attorney's fees. We reverse that portion of the court's judgment. The Stricklands' pending motion for damages for frivolous appeal is denied.

All concur.