Leonard S. DINO, R.Ph., et al., Appellant,

v.

**STATE BOARD OF PHARMACY,**
Respondent.

No. WD 50955.

Missouri Court of Appeals,
Western District.

Nov. 21, 1995.

Marvin M. Klamen, St. Louis, for appellant.

Jeremiah W. (Jay) Nixon, Atty. Gen., Daryl Hylton, Asst. Atty. Gen., Jefferson City, for respondent.

Before SMART, P.J., and LOWENSTEIN and BERREY, JJ.

SMART, Presiding Judge.

Leonard S. Dino appeals the decision of the circuit court of Cole County dismissing his two count petition seeking, *inter alia,* review of an Administrative Hearing Commission ruling that his pharmacist's license was subject to discipline by the State Board of Pharmacy. The judgment is affirmed.

Mr. Dino was convicted in U.S. District Court of mail fraud, conspiracy to defraud and misbranding and adulteration of prescription drugs.[1] Dino was fined $10,000.00 on two of the counts and sentenced to concurrent terms of twelve months' imprisonment, with ninety days to be served on work release, the remainder to be suspended. His conviction was affirmed in *United States v. Dino,* 919 F.2d 72 (8th Cir.1990).

On May 6, 1988, respondent, the State Board of Pharmacy ("Board") filed a complaint with the Administrative Hearing Commission ("AHC") seeking a determination that Dino was subject to discipline on the ground that Dino had been convicted of violating federal laws and regulations related to the handling of drugs. The Board moved for summary determination on May 18, 1992. In its order dated June 25, 1992, after consideration of the arguments of both sides, the AHC concluded that Dino was subject to discipline under § 338.055.2(2), (5) and (15), RSMo 1986. Dino opposed a summary determination because he wanted the AHC to conduct a hearing which would go behind the federal conviction, and allow Dino to argue mitigating factors and circumstances, and even to re-assert his innocence. Following the AHC's ruling, the Board held a hearing on October 8, 1992, as to Dino's discipline. It ordered that Dino's license be revoked and ruled that Dino could not apply for reinstatement for five years.

Dino filed a petition for judicial review in the circuit court of Cole County on Novem-

---

1. Dino purchased samples of drugs from sales representatives of various drug companies. Among other things, Dino purchased samples of Tussi cough syrup. Samples of the syrup were poured from their original bottles into larger containers. The jugs used to store the samples contained no lot number or expiration date. Checks used in paying for the samples were sent through the mail. *U.S. v. Dino,* 919 F.2d 72, 74–75 (8th Cir.1990).

ber 6, 1992. Count I of Dino's petition requested judicial review of the AHC's decision and requested a stay of the Board's disciplinary action. Dino contends that his rights were violated in the proceedings in federal court. He sought, in effect, to show that the federal prosecution was biased and unreasonable because Dino's actions did not jeopardize anyone's health. He contended it would be unjust for the Board to discipline him based on the federal conviction without considering his "exculpatory evidence and impeachment evidence." In Count II, Dino sought a declaratory judgment that he was entitled to a full and complete discovery in the AHC proceeding and that the decision of the AHC and the Board's actions were unconstitutional, arbitrary and capricious. Count II also contained a request for the declaration of rights of Pharmaceutical Dose Services, Inc. ("PDS"), Dino's employer. PDS was denied participation in a program called the Intern Training Pharmacy Program, and Dino alleges that this was done to exert pressure upon him.[2] The circuit court issued an order on November 12, 1992, staying enforcement of the Board's order. On September 30, 1992, the Board filed a motion to dismiss Count II of Dino's petition asking for declaratory judgment. On January 9, 1995, the court ordered Dino file a brief "as to requested court action and legal grounds." On January 27, 1995, Dino filed a response entitled "Memorandum to the Court in Opposition to Motion to Dismiss." On March 3, 1995, the court ordered that all claims be dismissed and lifted the stay.

Dino presents two points for consideration on appeal, claiming that the trial court erred in: (1) dismissing the claim for declaratory relief because there was no basis for the Board's contention that Dino had an adequate remedy at law and had failed to exhaust all administrative remedies; and (2) the trial court erred in dismissing the claim for judicial review because it lacked the power to dismiss where no motion for dismissal had been made and did not have the authority to dismiss an action on its own motion without providing notice and an opportunity to be heard. The judgment of the trial court, dismissing Dino's petition, is affirmed.

■ In Point I, Dino claims that the trial court erred in dismissing the claim for declaratory relief (Count II) because there was no basis for the Board's contention that Dino had failed to exhaust all administrative remedies and had an adequate remedy at law. Dino cites *State Farm Fire & Casualty Co. v. Powell*, 529 S.W.2d 666, 668 (Mo.App. 1975), for the proposition that a circuit court has discretionary power to deny declaratory relief where such an action would be inappropriate.[3] Dino lists those actions as to which declaratory judgment is deemed inappropriate, and concludes that since he has exhausted his administrative remedies, an action for declaratory judgment is appropriate as a possible remedy.

The Board claims that Dino had abandoned the claim for declaratory relief by failing to file a brief in response to the circuit court's order that, "Plaintiff shall file and serve on defendant its brief as to requested court action and legal grounds therefore." Dino's response did not mention declaratory judgment.

Even assuming *arguendo* that the claim was not abandoned, the trial court's action in dismissing the claim was proper. In *Deffenbaugh Indus., Inc. v. Potts*, 802 S.W.2d 520 (Mo.App.1990), this court examined the extent of the powers granted to the circuit court when it undertakes judicial review pursuant to § 536.100 to § 536.140. The court may "take cognizance of only those matters invested, so that its power to adjudicate is to the extent of the grant of the statute." *Id.* at 522. The scope of review granted the circuit

2. PDS was also a party to the action before the AHC. PDS, pursuant to a joint stipulation, agreed to five years probation. On June 11, 1992, PDS submitted an application for certification as an intern training facility. PDS had participated in the Intern Training Pharmacy Program under the auspices of the Board and the St. Louis College of Pharmacy. It was denied certification by the Board, based in part on its probationary status. The denial of certification was upheld on appeal to the AHC. PDS did not appeal the AHC decision.

3. The action in *State Farm* was an action for declaratory judgment. It was not an action involving administrative review.

court under the Administrative Procedure Act does not include the power of equity or of declaratory judgment. *Id.* "That is to say, the enactment confers the authority to examine and correct the agency decision, but not to form a plenary judgment as by a court of general and original jurisdiction." *Id.* at 523. Dino's request in Count I that the court determine the federal prosecution to have been biased and unreasonable fails to state a claim upon which relief may be granted.

Dino's petition for declaratory relief sought a determination that the AHC's decision was "unreasonable, arbitrary, capricious and involved an abuse of discretion." The petition also sought a determination that the decision was "violative of § 536.150 R.S.Mo. or in the alternative, § 536.140.2." Judicial review is provided to address such allegations of error; declaratory relief is inappropriate and precluded by the availability of judicial review. "[I]n a statutory proceeding for judicial review of a final administrative decision, pleadings for declaratory judgment and injunction are anomalous—and a judgment entered upon them, *coram non judice* and void." *Deffenbaugh,* 802 S.W.2d at 522. Consequently, the trial court properly dismissed Count II because it was without jurisdiction to rule upon the claim. Point I is denied.

In Point II, Dino claims that the trial court erred in dismissing Count I (judicial review) because the Board's motion to dismiss sought dismissal of only Count II (declaratory relief) of the petition. He claims that the court could not dismiss the claim upon its own motion without first providing notice and an opportunity to be heard. He also claims that he had an absolute right of review before the circuit court.

Dino cites *Around the World Importing, Inc. v. Mercantile Trust Co. Nat. Ass'n,* 771 S.W.2d 919 (Mo.App.1989), for the proposition that a court may not dismiss a petition on its own motion without first providing notice and an opportunity to be heard. The circuit court, in the instant case, did provide such notice. On January 9, 1995, the court ordered Dino file a brief "as to requested court action and legal grounds." On January 27, 1995, Dino filed a response styled as "Memorandum to the Court in Opposition to Motion to Dismiss." In this document, Dino addressed the issue of judicial review, pleaded in Count I. Consequently, the court provided Dino with an opportunity to be heard, and Dino availed himself of the opportunity as to Count I.

■■ Dino's assertion that he has an absolute right to judicial review is in error. There is no absolute right to judicial review. The scope of judicial review is established in § 536.140, RSMo 1994, which provides, in pertinent part:

2. The inquiry may extend to a determination of whether the action of the agency

(1) Is in violation of constitutional provisions;

(2) Is in excess of the statutory authority or jurisdiction of the agency;

(3) Is unsupported by competent and substantial evidence upon the whole record;

(4) Is, for any other reason, unauthorized by law;

(5) Is made upon unlawful procedure or without a fair trial;

(6) Is arbitrary, capricious or unreasonable;

(7) Involves an abuse of discretion.

Dino's right to review is not, therefore, absolute. It is limited to grounds mentioned in § 536.140.

■■ Dino's memorandum alleges that the Board was biased against him, a claim not contained in his petition for review and thus not reviewable by the circuit court. *Citro v. City of Lee's Summit,* 658 S.W.2d 86, 87 (Mo.App.1983). Furthermore, although there is authority under § 536.140.4 for the circuit court to consider procedural irregularities or unfairness by the agency not shown in the record, such consideration is discretionary with the court. Section 536.140.4 provides: "The court *may* in any case hear and consider evidence of alleged irregularities in procedure or of unfairness by the agency, not shown in the record." (Emphasis added). Section 536.140.2 states: "The inquiry *may* extend to a determination of whether the action of the agency ... (5) Is made upon unlawful procedure or without a

fair trial...." (Emphasis added). In both cases the use of the word "may" implies that the circuit court is invested with discretion concerning the matter. *See Wagner v. Jackson County Bd. of Zoning Adjustment,* 857 S.W.2d 285, 289 (Mo.App.1993). Dino points to no specific irregularities of any substance, and our review of the record reveals none. We discern no abuse of that discretion in the instant case.

The trial court acted properly in dismissing the petition. Point II is denied.

Affirmed.

All concur.