Roy **MENDELSOHN**, M.D., Appellant,

v.

**STATE BOARD OF REGISTRATION FOR THE HEALING ARTS,** Respondent.

No. 81391.

Supreme Court of Missouri, En Banc.

Oct. 26, 1999.

784

Michael A. Gross, St. Louis, for Appellant.

Jeremiah W. (Jay) Nixon, Atty. General, Daryl Hylton, Vicki J. Goldammer, Assistant Attys. General, Jefferson City, for Respondent.

DUANE BENTON, Judge.

Enforcing a settlement agreement, the State Board of Registration for the Healing Arts revoked the medical license of Dr. Roy M. Mendelsohn. Contesting the revocation, Mendelsohn challenges the constitutionality of a statute that validates his settlement agreement. The circuit court upheld both the statute and the revocation.

Mendelsohn appeals to this Court. *Mo. Const. art. V, sec. 3.* Affirmed.

## I.

On March 4, 1988, Dr. Mendelsohn, a licensed psychiatrist, reached an agreement with the Board "to avoid the necessity of the Board proceeding before the Administrative Hearing Commission." Mendelsohn voluntarily surrendered his license for one year, and the Board then reinstated him under probation for ten more years. Mendelsohn agreed not to accept or treat any female patients while on probation. If the Board determined, based on evidence at a hearing, that Mendelsohn had violated the agreement, it could take further disciplinary action, including revocation. The agreement did not contain findings of fact, conclusions of law, or equivalent stipulations of fact or law.

By this Court's opinion in *Bodenhausen v. Missouri Bd. of Registration for the Healing Arts,* 900 S.W.2d 621, 622–23 (Mo. banc 1995), the Board could not discipline Mendelsohn without first obtaining a written decision — with findings of fact and conclusions of law — from the Administrative Hearing Commission (AHC).

In response to *Bodenhausen,* the General Assembly enacted section 621.045.5 RSMo Supp.1998:[1]

As to a matter settled prior to August 28, 1995, by consent agreement or agreed settlement, any party to a consent agreement or agreed settlement, other than a state agency, after having received written notice at their last known address known to the agency from the respective licensing agency of a person's rights under this section, shall have six months to file an action in the circuit court of Cole County contesting

the authority of any agency described in subsection [621.045.1] to enter into such consent agreement or agreed settlement. Any consent agreement or agreed settlement which is not invalidated by the court pursuant to this subsection shall be given full force and effect by all courts and agencies.

*Mo. Laws 1265 (1995).*

On October 10, 1995, the Board gave Mendelsohn written notice that he could contest his settlement agreement. Mendelsohn made no such challenge.

In 1997, the Board initiated a complaint against Mendelsohn for violating his probation by treating four females. After a hearing before the Board, it issued findings of fact, conclusions of law, and an order revoking Mendelsohn's medical license.

Mendelsohn sued for a declaratory judgment, injunctive relief, and judicial review of the Board's decision.[2] The circuit court initially stayed, but eventually affirmed, the revocation of Mendelsohn's license.

## II.

■ Mendelsohn argues that the 1995 enactment of section 621.045.5 was retrospective, in violation of Article I, Section 13 of the Missouri Constitution. Specifically, he claims that the 1995 law impaired "the right he had enjoyed during 1988 to be free from professional discipline imposed without the procedural safeguards inherent in disciplinary actions brought before and adjudicated by the Administrative Hearing Commission."

■ The Missouri Constitution prohibits laws that are retrospective in operation. *Mo. Const. art. I, sec. 13.* A retrospective law takes away or impairs vested or

---

1. All statutory citations are to RSMo Supp. 1998.

2. The Board notes in passing that declaratory and equitable claims may not be joined with judicial review of an administrative action, citing *Dino v. State Bd. of Pharmacy,* 909

S.W.2d 755, 757–758 (Mo.App.1995); *Deffenbaugh Indus., Inc. v. Potts,* 802 S.W.2d 520, 522 (Mo.App.1990). Because the points on appeal all relate to the administrative review, this Court need not address this issue.

substantial rights acquired under existing laws, or imposes new obligations, duties, or disabilities with respect to past transactions. *Doe v. Roman Catholic Diocese of Jefferson City*, 862 S.W.2d 338, 340 (Mo. banc 1993); *Beatty v. State Tax Com'n*, 912 S.W.2d 492, 496 (Mo. banc 1995); *Corvera Abatement Technologies, Inc., v. Air Conservation Com'n*, 973 S.W.2d 851, 856 (Mo. banc 1998).

Mendelsohn asserts a vested right that the 1988 statutes apply to his agreement. Under the 1988 statutes, Mendelsohn had to challenge the agreement within 30 days after the Board made findings of fact and conclusions of law (or equivalent stipulations of fact and law). *Bodenhausen*, at 623. As of August 28, 1995 — the effective date of section 621.045.5 — the Board had not made such findings and conclusions.

The 1995 law changed the procedure for seeking judicial review of the settlement agreement. Under the 1995 law, the trigger for review is written notice from the agency to the licensee, not an agency decision with findings of fact and conclusions of law. The 1995 law enlarged the window to seek review from 30 days to six months, but restricted venue of such review to Cole County.

■ Section 621.045.5 is procedural, creating a different process for litigants to challenge the decisions of a licensing board. Procedural statutes, not affecting substantive rights, may be applied retrospectively, without violating the constitutional ban on retrospective laws. *Burns v. Labor & Indus. Relations Com'n*, 845 S.W.2d 553, 557 (Mo. banc 1993). Substantive laws — relating to rights and duties that give rise to a cause of action — may not apply retrospectively. *Doe*, at 341. Procedural laws — relating to the machinery for process in the causes of action — may apply retrospectively. *Id.* A litigant has no vested rights in matters of

procedure. *City of St. Louis v. Cooper Carriage Woodwork Co.*, 216 S.W. 944, 948 (Mo.1919); *City of St. Louis v. Calhoun*, 222 Mo. 44, 120 S.W. 1152, 1153 (Mo.1909).

The 1995 enactment of section 621.045.5 does not violate the constitutional protection against retrospective laws because it is procedural. By the 1995 law, Mendelsohn's settlement was in "full force and effect" in 1997 when the Board revoked his license.

## III.

■ Mendelsohn next argues that the Board acted illegally by consolidating the roles of accuser, prosecutor, and administrative trier during the present disciplinary proceedings. In fact, this Court has held that such a combination of roles, by itself, does not deny due process, so long as the administrative hearing is subject to judicial review. *Rose v. State Bd. of Registration for the Healing Arts*, 397 S.W.2d 570, 574 (Mo.1965).

■ Mendelsohn also claims "the absence of any statute" authorizing the Board to discipline a probationer who violates an agreement, citing *State Board of Registration for the Healing Arts v. Masters*, 512 S.W.2d 150 (Mo.App.1974).

To the contrary, the 1995 enactment of 621.045.5 mandates that "all courts and agencies" give "full force and effect" to any pre–1995 settlement agreement. Section 6 of Mendelsohn's agreement allows the Board both to conduct a hearing and to impose discipline. The Board's procedure was authorized by law.[3]

## IV.

■ For his final point, Mendelsohn argues that the circuit court erred because the Board's order was not supported by competent and substantial evidence upon the whole record and was arbitrary and capricious. A reviewing court examines the record in the light most favorable to

---

**3.** The Board invokes section 620.153, a statute enacted in 1998. Because section

621.045.5 resolves the issue, this Court need not address the scope of 620.153.

the agency's findings. *West v. Posten Construction Co.*, 804 S.W.2d 743, 744 (Mo. banc 1991). In this case, the Board held a hearing that produced a 114–page transcript, including six exhibits and two depositions. The Board then entered findings of fact and conclusions of law detailing Mendelsohn's violations of the 1988 settlement agreement. The Board's decision was properly supported.

## V.

The judgment of the circuit court is affirmed.

All concur.