Gary P. WELLNER, Respondent,

v.

**DIRECTOR OF REVENUE, Appellant.**

**No. WD 56295.**

Missouri Court of Appeals,
Western District.

April 25, 2000.

Jeremiah W. (Jay) Nixon, Atty. Gen., Evan J. Buchheim, Asst. Atty. Gen., Jefferson City, for appellant.

Michael C. McIntosh, Independence, for respondent.

Before BRECKENRIDGE, C.J., SPINDEN and SMART, JJ.

BRECKENRIDGE, Chief Judge.

The Director of Revenue appeals the trial court's judgment awarding Gary P. Wellner attorney fees and costs pursuant to § 302.536, RSMo Cum.Supp.1996.[1] The attorney fees and costs were requested and granted after this court reversed the trial court's judgment upholding the Director's suspension of Mr. Wellner's driving privilege. Because the trial judge erroneously applied § 302.536 retrospectively, the trial court's judgment is reversed.

**Factual and Procedural Background**

On October 27, 1995, the Director notified Mr. Wellner that his driving privilege was suspended under § 302.505, RSMo 1994, for driving with a blood alcohol content of at least .10 percent by weight. Thereafter, Mr. Wellner filed a petition for a trial de novo in the Circuit Court of Jackson County, Missouri, to contest the Director's determination. After hearing the matter, the trial court issued its findings of fact, conclusions of law, and judgment upholding the Director's suspension of Mr. Wellner's driving privilege on June 3, 1996. Mr. Wellner appealed to this court, which reversed the trial court's judgment and remanded the case with instructions that the trial court order reinstatement of Mr. Wellner's driving privilege. *Wellner v. Director of Revenue*, 949 S.W.2d 683, 684–85 (Mo.App.1997).

While Mr. Wellner's appeal was pending, § 302.536 became effective. Section 302.536 provides as follows:

If the judge upholds the department's ruling to suspend or revoke a person's license after a hearing conducted pursuant to subsection 1 of section 302.535, and the person appeals such ruling, the department shall pay any court costs and attorney fees the person incurs pursuant to such appeal if the court reverses the department's ruling to suspend or revoke such person's license.

After this court's reversal, Mr. Wellner filed a motion in the circuit court requesting attorney fees and costs under § 302.536. On July 20, 1998, the trial court entered a judgment awarding $2,868.51 to Mr. Wellner for attorney fees and costs. The Director filed this appeal.

---

1. All statutory references are to the Revised Statutes of Missouri Cumulative Supplement 1996, unless otherwise indicated.

## Standard of Review

This court will affirm the trial court's judgment unless it was not supported by substantial evidence, was against the weight of the evidence, or the trial court erroneously declared or applied the law. *Devine v. Director of Revenue,* 961 S.W.2d 87, 88 (Mo.App.1997). If the trial court erroneously declared or applied the law, the trial court's judgment will be given no deference. *Knipp v. Director of Revenue,* 984 S.W.2d 147, 151 (Mo.App.1998).

## Erroneous Retrospective Application of § 302.536

■■■ The Director contends that § 302.536 did not apply to Mr. Wellner's case because Mr. Wellner appealed before the statute's effective date; hence, the trial court's enforcing the statute constituted an erroneous retrospective application of the statute. Article 1, Section 13 of the Missouri Constitution states "[t]hat no ex post facto law, nor law ... retrospective in its operation, ... can be enacted." A retrospective law is one that "takes away or impairs vested or substantial rights acquired under existing laws, or imposes new obligations, duties, or disabilities with respect to past transactions." *Mendelsohn v. State Regis. for Healing Arts,* 3 S.W.3d 783, 785 (Mo. banc 1999). The constitutional prohibition against retrospective laws does not apply to statutes that are procedural in nature because a litigant has no vested rights in matters of procedure; it only precludes retrospective laws that affect substantive rights. *Id.* at 786. "Because the retrospective law prohibition was intended to protect citizens and not the state, the legislature may constitutionally pass retrospective laws that waive the rights of the state." *Savannah R–III v. Pub. School Ret. Sys.,* 950 S.W.2d 854, 858 (Mo. banc 1997). However, under Missouri law, there is the presumption that a statute is to operate prospectively, "unless the legislature specifically provides that the statute have [retrospective] effect." *State Bd. of Registration v. Warren,* 820 S.W.2d 564, 565 (Mo.App.1991). Thus, we will normally apply a law retrospectively only where it is procedural in nature or where it waives the rights of the state and the legislature has provided that it will have retrospective effect. Here, it is clear that the statute does not state that it has retrospective effect. Therefore, we look to see whether the statute authorizing an award of attorney fees to a successful appellant should be considered procedural or substantive.

In this case, the Director determined that Mr. Wellner's driving privilege should be suspended and notified him of this action on October 27, 1995. Mr. Wellner filed a petition in the circuit court for a trial de novo challenging the suspension. On June 3, 1996, the trial court entered judgment sustaining the Director's suspension or revocation of Mr. Wellner's driving privilege, and Mr. Wellner filed his notice of appeal on July 9, 1996. Section 302.536 became effective on August 28, 1996. The issue is whether the trial court's application of § 302.536 is an erroneous retrospective application of a substantive law, or whether the statute is merely procedural.

This court faced a markedly similar issue in *Warren,* 820 S.W.2d at 565. The statute at issue in *Warren* was § 536.087, RSMo Cum.Supp.1989, which provided for awarding attorney fees and costs to the prevailing party in an administrative agency proceeding. *Id.* The statute went into effect eighteen days after a professional licensing board filed a disciplinary action against one of its licensees.

■■■ In determining whether § 536.087, RSMo Cum.Supp.1989, applied retrospectively to allow the licensee, as the prevailing party, to collect attorney fees and costs, this court considered several principles. This court first noted that a statute which provides a procedure for suing a state agency to collect attorney fees and costs constitutes a waiver of sovereign immunity. *Id.* Statutes waiving sovereign immunity must be construed strictly. *Mo-*

ses v. *County of Jefferson,* 910 S.W.2d 735, 736 (Mo.App.1995). This court then noted the general rule that newly enacted legislation is not applied retrospectively unless the legislature makes clear its intention that a statute be applied retrospectively. *Warren,* 820 at 565. This prohibition against retrospective application of legislation applies only to substantive, and not procedural, laws. *Id.* Substantive laws are those which "'take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past.'" *Id.* at 566 (citations omitted). Applying these principles, this court in *Warren* then reasoned:

> Before the enactment of § 536.087 there was no requirement that the state pay attorney fees or other expenses. The statute created a previously unrecognized right in certain prevailing litigants and imposed new obligations on the state by eliminating an immunity that it previously enjoyed. These factors define the law as substantive and its retrospective application as violative of vested rights. Therefore, the law cannot be applied retroactively[.]

*Id.*

■ All of the factors upon which this court relied in *Warren* to determine that § 536.087, RSMo Cum.Supp.1989, could not apply retrospectively are present in this case. First, the legislature enacted § 302.536, a provision allowing for the collection of attorney fees and costs when successful on appeal in license suspension and revocation cases, after the Director had acted to suspend Mr. Wellner's driving privilege. Second, the legislature had not provided for the collection of attorney fees and costs in these types of cases until it enacted § 302.536. Thus, § 302.536 created a new obligation or imposed a new duty, and, therefore, is substantive in nature. *See State ex rel. Webster v. Cornelius,* 729 S.W.2d 60, 66 (Mo.App.1987). To apply the new statute to the Director's prior action would constitute a retrospective application of a substantive law since the statute increases the penalty after the conduct to be penalized has already occurred. *Garrett v. Citizens Sav. Ass'n,* 636 S.W.2d 104, 110–11 (Mo.App.1982). Third, § 302.536 is silent on the issue of retrospective application, so it is presumed that the legislature did not intend to apply the statute retrospectively. Hence, we draw the same conclusion that we drew in *Warren* that, under these circumstances, the law cannot be applied retrospectively.

In *American Family Mut. Ins. Co. v. Fehling,* 970 S.W.2d 844, 848 (Mo.App. 1998), this court stated that there was an exception to the prohibition against retrospective application of statutes for "laws that waive the rights of the state." The gist of the discussion in *Fehling* was that so long as the statute impaired the rights of the state, rather than the rights of its citizens, it could be applied retrospectively regardless of whether a legislative intent to apply the statute retrospectively is clear from the language of the statute. *Id.* at 851–52. To the extent that this court recognized such an exception in *Fehling,* it did so in dicta, and we fail to find any support in the law for such a view. The concept that a law can be retrospectively applied if it impairs the rights of the state has been applied only in conjunction with the principle which permits a statute to be applied retrospectively when the statute expressly states that it should be. To hold otherwise would result in the retrospective application of all laws which impair the vested rights of the state or waive sovereign immunity, and that contravenes the well-settled principle that courts presume that statutes apply only prospectively unless the legislature states otherwise.

The trial court erred in applying § 302.536 to Mr. Wellner's case. Accordingly, the trial court's judgment is reversed.

All concur.