Timothy and Kelly MOSES,
Plaintiffs/Appellants,

v.

COUNTY OF JEFFERSON,
Defendant/Respondent.

No. 68242.

Missouri Court of Appeals,
Eastern District,
Division Five.

Oct. 17, 1995.

John J. Schlueter, Jr., Davidson, Schlueter, Mandel & Mandel, St. Louis, for appellant.

Mark H. Zoole, Weier, Hockensmith & Sherby, St. Louis, for respondent.

BLACKMAR, Senior Judge.

Timothy and Kelly Moses sue under § 537.080 RSMo 1994[1] for the wrongful death of their son Justin, aged 4. The second amended petition asserts that on February 26, 1993 Justin was pulled from the Big River by his mother, that the county was negligent in failing to train sheriff's deputies in the technique of cardiopulmonary resuscitation (CPR), that the county and its employees negligently failed to administer timely CPR to Justin, and that Justin died as a result of the failure. The trial court sustained the defendant's motion to dismiss or for summary judgment. We affirm.

■ A Missouri county enjoys sovereign immunity against claims for the negligence of its employees. *Wood v. County of Jackson*, 463 S.W.2d 834 (Mo.1971). This immunity is confirmed by § 537.600 which reinstates sovereign immunity as it existed prior to September 12, 1977 except for claims for injuries arising out of the operation of motor vehicles and injuries caused by the condition of a public entity's property. Neither exception applies in this case.

■ The plaintiffs assert, however, that the defendant has waived its sovereign immunity by purchasing a liability insurance policy. Section 537.610 permits a public agency to waive its immunity from suit in this manner. The section was undoubtedly adopted to change the result of *Bartley v. Special Sch. Dist.*, 649 S.W.2d 864 (Mo. banc 1983), which held that the presence of insurance made no difference in determining the scope of sovereign immunity. The pertinent language of § 537.610 states that "[s]overeign immunity for the state of Missouri and its political subdivisions is waived only to the maximum amount of and only for the purposes covered by such policy of insurance purchased pursuant to the provisions of this section...."

The plaintiffs have a viable claim, then, only if the insurance policy purchased by Jefferson County provides coverage for their claim. It is important to note that the county is the sole defendant. The policy is before us.

Section I of the policy, entitled "WHAT MOPERM PAYS," defines the coverage of the county. Subparagraphs A.1.(a) and A.1.(b) provide the county with coverage for the two express exceptions to § 527.600, negligent operation of motor vehicles and injuries caused by the condition of a public entity's property. As has been observed, these provisions do not help the plaintiffs.

Paragraph I.A.2 applies to "coverage for Member Agency for claims on causes of action other than those established by Missouri law." This provision also is inapplicable. The plaintiffs must recover, if at all, only under the Missouri Wrongful Death Statute, § 537.080. The language just quoted would apparently provide protection to the county against claims under federal statutes, as in *Owen v. City of Independence*, 445 U.S. 622, 100 S.Ct. 1398, 63 L.Ed.2d 673 (1980), or for claims against the county for injuries occurring in another state pursuant to *California v. Nevada*, 447 U.S. 125, 100 S.Ct. 2064, 65 L.Ed.2d 1 (1980).

---

1. Unless otherwise noted, all statutory references are to RSMo 1994.

The remaining provision of I.A.2 provides coverage "for public officials and employees on all claims." As we have pointed out, no public official or employee is named as a defendant. It is often possible to sue a public official or an employee on a claim against which the public agency is protected by sovereign immunity, and one can well understand why a county might want to protect its functionaries against individual liability. This provision does not waive the county's immunity.

The plaintiffs argue that the language of the policy is ambiguous and should be construed against the insurer. We consider the language clear, and so there is no need for construction. Nor do we need to consider the maxim that waivers of sovereign immunity are construed strictly. We discern no purpose in the county of purchasing coverage for itself in excess of its statutory liability.

The judgment is affirmed.

CRANE, C.J., and SIMON, J., concur.