Jackie D. HOLLIS, Respondent,

v.

Barbara Ann (Brewer) BLEVINS,
Defendant,

Dixie Prough, etc., et al., Appellants.

No. 78456.

Supreme Court of Missouri,
En Banc.

Feb. 20, 1996.

Rehearing Overruled March 26, 1996.

Jeffrey S. Maguire, Cape Girardeau, Wendell W. Crow, Kennett, for appellants.

Dennis P. Wilson, Dexter, for respondent.

David W. Feeder, II, Alexander B. Robb, Kansas City, for amicus curiae Missouri Organization of Defense Lawyers.

Randy W. James, Overland Park, KS, for amicus curiae Missouri Association of Trial Lawyers.

WHITE, Justice.

The court of appeals transferred this case before opinion because the validity of a Missouri statute is challenged, a matter of exclusive appellate jurisdiction in the Supreme Court. *Mo. Const. art. V, § 3.* We retransfer to the court of appeals.

Plaintiff Hollis sued VanPool and Brewer for personal injuries Hollis sustained in an automobile accident. In a separate count, Hollis brought a contract action against State Farm Mutual Automobile Insurance Co. for uninsured motorist coverage because a phantom vehicle was involved in the accident. A jury found Brewer to be 95% at fault, VanPool 3% at fault, the operator of an uninsured motor vehicle 2% at fault, and Hollis 0% at fault. The jury awarded damages.

Appellant VanPool raises equal protection and due process challenges to joint and several liability, section 537.067.1, RSMo 1994. The record reveals VanPool first raised this constitutional issue in his motion for new trial. Constitutional issues are waived unless raised at the earliest possible opportunity consistent with orderly procedure. *Callier v. Director of Revenue,* 780 S.W.2d 639, 641 (Mo. banc 1989). The joint and several liability statute provides:

In all tort actions for damages, in which fault is not assessed to the plaintiff, the defendants shall be jointly and severally

liable for the amount of the judgment rendered against such defendants.

§ 537.067.1, RSMo 1994. Subsection 2 details application of joint and several liability where fault is assessed to plaintiff and defendants. When more than one defendant is named in a tort action for damages, the joint and several liability statute applies. The appropriate time to raise the constitutional issue would have been in the answer to the tort petition, which named more than one defendant. *See Bauldin v. Barton County Mutual Insurance Co.,* 666 S.W.2d 948, 951 (Mo.App.1984) (Failure to raise constitutional challenge by reply to amended answer or motion to strike defense from amended answer held to be waiver).

▌ Appellant VanPool argues the constitutional questions arose only after judgment was rendered. We disagree. In *Adams v. Children's Mercy Hospital,* 832 S.W.2d 898, 908 (Mo. banc), *cert. denied,* 506 U.S. 991, 113 S.Ct. 511, 121 L.Ed.2d 446 (1992), and *Land Clearance for Redevelopment Authority v. Kansas University Endowment Ass'n,* 805 S.W.2d 173, 175 (Mo. banc 1991), appellants challenging statutory prejudgment interest argued their constitutional claims only arose after judgment; therefore, their post-trial motions provided the earliest opportunity to raise the issue. The Court rejected the argument in both cases because application of the prejudgment interest statute could hardly have been a surprise to appellants. *Adams,* 832 S.W.2d at 908. "An attack on the constitutionality of a statute is of such dignity and importance that the record touching such issues should be fully developed and not raised as an afterthought in a post-trial motion or on appeal." *Land Clearance,* 805 S.W.2d at 175. For the reasons outlined in *Adams* and *Land Clearance,* we hold appellant waived constitutional challenges to the joint and several liability statute.

The Court finds no manifest injustice suggesting plain error review of the merits on the constitutional claim. Rule 84.13(c). Other issues raised by the parties do not present questions of general interest or importance. We retransfer this cause to the court of appeals.

HOLSTEIN, C.J., BENTON, PRICE, ROBERTSON and COVINGTON, JJ., and SMART, Special Justice, concur.

LIMBAUGH, J., not sitting.