**Lori A. EADS, Appellant,**

v.

**KINSTLER AGENCY, INC., Respondent.**

**No. WD 52024.**

Missouri Court of Appeals,
Western District.

Submitted July 3, 1996.

Decided Sept. 17, 1996.

John H. Lake, Jefferson City, for appellant.

P. Pierre Dominique, Jefferson City, for respondent.

Before HANNA, P.J., and SMART and EDWIN H. SMITH, JJ.

PER CURIAM.

Lori A. Eads appeals from a summary judgment in an action to recover money damages resulting from an automobile collision. In her sole point, Eads claims that the trial court erred in granting summary judgment to respondent, Kinstler Agency, Inc. ("Kinstler Agency") because the facts show that a joint venture or agency relationship existed between the respondent and another defendant, making them jointly and severally liable. The judgment of the trial court is affirmed.

On February 13, 1993, a vehicle driven by Linda M. Crouch hit a vehicle operated by Eads. Crouch was a licensed real estate agent whose agent's license was placed with the Kinstler Agency, a brokerage. Eads filed suit against both Crouch and the Kinstler Agency. In her petition for damages she alleged that Crouch and the Kinstler Agency had entered into a joint venture for the purpose of listing for sale and selling various pieces of real estate and that Crouch's negligence was imputable to Kinstler Agency, "in that they were mutual agents and principals in the operation and furtherance of the joint venture." Crouch settled with Eads and was dismissed from the action.

The Kinstler Agency filed a motion for summary judgment on March 25, 1995. In its motion, the Kinstler Agency stated that it was entitled to judgment as a matter of law and cited uncontroverted facts that it claimed established that there was no joint venture with Crouch. The factual recitation included the following:

3. At the time of the accident, Linda N. Crouch was driving a 1986 Ford Taurus which she owned.

4. At the time of the accident, there were no other occupants in the 1986 Ford Taurus, other than the driver, Defendant Linda Crouch.

5. On the date of the accident, Linda Crouch was a licensed real estate agent and her agent's license was placed with the Kinstler Agency, Inc.

6. Defendant Crouch in performance of her duties as a real estate agent with the Kinstler Agency, Inc., was compensated solely on commission.

7. Defendant Crouch did not receive any type of allowance or reimbursement for the use of her automobile from the Kinstler Agency, Inc.

8. Defendant Crouch's automobile had no signs, decals or other insignia indicating that Defendant Crouch worked for Kinstler Agency, Inc.

9. Defendant Crouch did not share in any of the profits, losses or expenses of Defendant Kinstler Agency, Inc.

10. Defendant Kinstler Agency, Inc., had no right to control the operation of Defendant Crouch's vehicle at the time of the accident on February 13, 1993.

11. On February 13, 1993, Kinstler Agency, Inc., did not control the operation of

the vehicle being operated by Defendant Crouch.

12. At the time of the accident on February 13, 1993, Defendant Crouch was going to see a customer about a listing.

13. Defendant Crouch was free to either see the customer or not and was free to choose the time to see the customer and was free to choose the route by which she would travel to see the customer.

Attached to the motion for summary judgment is a copy of the "Broker and Salesperson Agreement" executed by Crouch and the Kinstler Agency. Among the relevant provisions, the agreement states that Crouch is to be treated as an independent contractor and not as an employee for tax purposes; that Crouch agreed to furnish her own transportation and to pay any expenses incidental to the conduct of her business as a salesperson; Crouch was to have "entire discretion" as to handling leads and prospects and as to the means of securing listings and consummating negotiations; and Crouch was not required to keep regular hours or perform any services in the facility of the Kinstler Agency, but in the event that Crouch did use the facilities of the agency, she did so as a volunteer.

Eads neither filed a timely response to the motion for summary judgment nor asked for an extension of time. The trial court granted the Kinstler Agency's motion for summary judgment, finding that Crouch was an independent contractor and that the uncontroverted facts showed that no joint venture existed between Crouch and the Kinstler Agency. Eads appeals.

■■■ Eads contends that the trial court erred in granting summary judgment to the Kinstler Agency because the facts show that a joint venture or agency relationship existed between Crouch and the agency, making them jointly and severally liable. The record is reviewed in the light most favorable to the party against whom the judgment was entered. *ITT Commercial Fin. Corp. v. Mid-America Marine Supply Corp.*, 854 S.W.2d 371, 376 (Mo. banc 1993). The moving party is entitled to summary judgment as a matter of law when that party can establish that there exists no genuine issue as to any mate-

rial fact. *Tresner v. State Farm Ins. Co.*, 913 S.W.2d 7, 9 (Mo. banc 1995). In *ITT*, the Missouri Supreme Court clarified the standard, stating:

[A] "defending party" may establish a right to judgment by showing (1) facts that negate *any one* of the claimant's elements facts, (2) that the non-movant, after an adequate period of discovery, has not been able to produce, and will not be able to produce, evidence sufficient to allow the trier of fact to find the existence of *any one* of the claimant's elements, or (3) that there is no genuine dispute as to the existence of *each* of the facts necessary to support the movant's properly-pleaded affirmative defense. Regardless of which of these three means is employed by the "defending party," each establishes a right to judgment as a matter of law. Where the facts underlying this right to judgment are beyond dispute, summary judgment is possible.

*ITT*, 854 S.W.2d at 381 (emphasis in original). The Kinstler Agency, the "defending party" in the instant case, established its right to judgment by its showing of facts negating the element of a joint venture or agency relationship, necessary to recover under Eads' theory. The facts presented show Crouch to be an independent contractor. Eads has not met the burden set out in Rule 74.04(e) requiring that, "an adverse party may not rest upon the mere allegations or denials of the party's pleading, but his response, by affidavits or as otherwise provided in this Rule 74.04, shall set forth specific facts showing that there is a genuine issue for trial."

The uncontroverted facts show that Crouch meets the criteria established for the status of independent contractor. This court, in *Ferguson v. Pony Express Courier Corp.*, 898 S.W.2d 128, 132 (Mo.App.1995), lists ten factors from the Restatement (Second) of Agency § 220(2) (1958), as aids in making this determination:

(a) the extent of control which, by the agreement, the master may exercise over the details of the work;

(b) whether or not the one employed is engaged in a distinct occupation or business;

(c) the kind of occupation with reference to whether, in the locality, the work is usually done under the direction of the employer or by a specialist without supervision;

(d) the skill required in the particular occupation;

(e) whether the employer or the workman supplies the instrumentalities, tools, and the place of work for the person doing the work;

(f) the length of time for which the person is employed;

(g) the method of payment, whether by the time or by the job;

(h) whether or not the work is a part of the regular business of the employer;

(i) whether or not the parties believe they are creating the relation of master and servant; and

(j) whether the principal is or is not in business.

■ Examining the facts in light of the above criteria, we conclude that, as a matter of law, Crouch's status at the time of the accident was that of independent contractor. Crouch, a licensed real estate agent, was compensated solely on commission; she did not share in any of the profits, losses or expenses of the Kinstler Agency. Crouch supplied her own automobile and did not receive any type of allowance or reimbursement for the use of her automobile from the Kinstler Agency. Crouch was going to see a customer about a listing but the Kinstler Agency exercised no control over Crouch's work; she was free to see or not see a customer. She was also free to choose the time to see the customer. The copy of the "Broker and Salesperson Agreement" executed by Crouch and the Kinstler Agency attached to the motion for summary judgment indicates that Crouch and Kinstler Agency considered Crouch to be an independent contractor.

■ Eads points out that a contractual designation of a person as an independent contractor is not conclusive. *White v. Dallas*

*& Mavis Forwarding Co.*, 857 S.W.2d 278, 281 (Mo.App.1993). Eads has presented no evidence to overcome that designation, however. Nor does Eads present any facts supporting the proposition the relationship between Crouch and the Kinstler Agency was a joint venture. The definition of "joint adventure" is "an association of two or more persons to carry out a single business enterprise for profit." *Johnson v. Pacific Intermountain Express Co.*, 662 S.W.2d 237, 248 n. 6 (Mo. banc 1983), *cert. denied*, 466 U.S. 973, 104 S.Ct. 2349, 80 L.Ed.2d 822 (1984). Its essential elements are: (1) an express or implied agreement among members; (2) a common purpose to be carried out by the members of the group; (3) a community of pecuniary interest in the common purpose; and (4) an equal voice, giving an equal right of control in the direction of the enterprise. *McSorley v. Hauck*, 883 S.W.2d 562, 566 (Mo.App.1994). It is true that both Crouch and the Kinstler Agency had an economic interest in Crouch's activities, but that does not make them joint venturers. One was a broker, and one was a licensed agent, or "salesperson." They did not have equal control of the enterprise, and they did not have a "community" of economic interest. Brokers and salespersons have separate licenses, and different roles. See Sections 339.010 to 339.170 RSMo 1996 Supp. Further, the operation of her vehicle was solely under the control of Crouch. The undisputed evidence, as outlined above, establishes that there was no equal voice, or equal right of control over the operation of Crouch's vehicle. She alone had the power to determine when, where and for what purpose it would be driven. *See Id.* at 566–67. The trial court did not err in granting the Kinstler Agency's motion for summary judgment.

Affirmed.