

# In the Missouri Court of Appeals Eastern District

### DIVISION ONE

| | | |
|---|---|---|
| MICHAEL HOLMES, | ) | No. ED106799 |
| | ) | |
| Respondent, | ) | Appeal from the Circuit Court |
| | ) | of the City of St. Louis |
| vs. | ) | |
| | ) | Honorable Joan L. Moriarty |
| DOUG NELSON, ET AL., | ) | |
| | ) | |
| Appellants. | ) | FILED: May 14, 2019 |

Doug Nelson, Commissioner of the Missouri Office of Administration, ("Appellant") appeals from the trial court's entry of summary judgment in favor of Michael Holmes ("Respondent") in Respondent's action for a declaratory judgment to determine whether the State of Missouri ("State") or the City of St. Louis must pay the $2.5 million in damages awarded in his federal civil suit against two St. Louis police officers, Shell Sharp ("Sharp") and Bobby Garrett ("Garrett"). We affirm.

## I. Background

This case began in December 2003, when Respondent was arrested in St. Louis by City of St. Louis police officers Sharp and Garrett. Respondent was then convicted of federal drug crimes in June 2006, and because he had previously been convicted on separate drug charges several years earlier, he was sentenced to twenty years in prison. But that was not the end of the story. After Respondent's conviction, Sharp and Garrett were investigated for multiple alleged

instances of misconduct.[1]  Eventually Garrett was federally prosecuted for numerous crimes, convicted, and sentenced to 28 months in prison.  Sharp resigned from the St. Louis Metropolitan Police Department ("SLMPD").

After Sharp and Garrett's misconduct was discovered, Respondent moved to vacate, set aside, or correct his sentence under 28 U.S.C § 2255.  In 2011, the Federal District court for the Eastern District of Missouri ("District Court") granted this motion because Sharp and Garrett, who testified at Respondent's trial, had been discredited and the government would have failed to meet its burden of proof with the remaining evidence.  In December 2012, Respondent sought a certificate of innocence under 28 U.S.C § 2513, which the District Court denied because of his failure to show actual innocence.  Simultaneously but separately, Respondent filed a civil rights action under 42 U.S.C. § 1983 against the mayor of St. Louis, the St. Louis Board of Police Commissioners ("the Board"), and Sharp and Garrett.  The District Court granted summary judgment for all defendants except Sharp and Garrett, and sent the case to trial where Sharp and Garrett were represented by the Missouri Attorney General's Office.  On March 4, 2016, the jury found in favor of Respondent and awarded him $2.5 million ("the Award").

Before discussing Respondent's declaratory judgment action that is the subject of this appeal, it is important to note some of the legislative developments setting the background to this case.  The State Legal Expense Fund ("SLEF") statute was enacted by the Missouri Legislature ("Legislature") to replace the Tort Defense Fund.  The statute has been amended multiple times since it was enacted, but the most important amendment for purposes of this case came in 2005, in response to the Missouri Supreme Court's decision in Smith v. State, 152 S.W.3d 275, 278-80 (Mo. banc 2005).  In Smith, the court found the Board and its police officers were entitled to

---

[1] It is worth noting that none of the instances of misconduct discovered by this investigation were directly related to Respondent's conviction.  For additional information on Sharp and Garrett's misconduct, See Holmes v. Slay, 895 F.3d 993, 996-7 (8th Cir. 2018)

coverage under the SLEF because the Board was an agency of the state and its officers were officers of the state. Smith, 152 S.W.3d 275 at 280 Under the amended version from 2005, the SLEF was only liable to reimburse the Board for claims, and only up to $1 million. Section 105.726.3. On November 6, 2012, Missouri voters passed Initiative Proposition A ("Proposition A") which led to the enactment of Section 84.344 allowing the City of St. Louis ("the City") the right to establish its own police force free from state control. State ex rel. Hawley v. City of St. Louis, 531 S.W.3d 602, 604 (Mo. App. E.D. 2017). Before Proposition A was passed, the SLMPD was under state control. Id. Section 84.344 also directed the state-controlled Board to transfer title and ownership of all its indebtedness and assets to the City. Id. Proposition A also resulted in the amendment of Section 105.726, stating that only the Board's successor-in-interest, the City, was entitled to reimbursement through the SLEF. Id. All of these developments occurred after Respondent's arrest in 2003.

On March 10, 2016, Respondent requested payment of the Award from the State through the SLEF, which the State denied, leading to his filing the declaratory judgment at issue in this appeal. After limited discovery in the declaratory action, both parties filed motions for summary judgment. The trial court found the issue to be determined was whether "the [SLEF] covers [the Award] that was entered in 2016, after the SLMPD was no longer under state control, but arose from police officer conduct that occurred in 2003 while the SLMPD was under state control." On May 3, 2018, the trial court granted Respondent's motion for summary judgment, finding the State is required to indemnify Sharp and Garrett through the SLEF. This appeal follows.

## II. Discussion

Appellant raises two points on appeal. First Appellant argues the trial court erred when it found that the 2005 amendment to the SLEF statute (1) did not exclude officers and (2) did not

3

apply to exclude payment of the Award against Sharp and Garrett because the claims against them did not accrue until 2011, well after the SLEF statute was amended.

Appellant's second point argues the trial court erred in finding that the State was required to provide reimbursement in the amount of $2.5 million dollars through the SLEF for Respondent's claims because (1) reimbursement is not applicable to this situation, and (2) reimbursement is contrary to the clear and unambiguous terms of the statute, in that there is no evidence that the Board made a payment to Respondent in satisfaction of his claims or that the SLEF is required to reimburse the Board that amount.

A. Standard of Review

We review the grant of summary judgment *de novo*. Crawford v. Distrib. Operations, Inc., 561 S.W.3d 463, 466 (Mo. App. E.D. 2018) (citing ITT Commercial Fin. Corp. v. Mid-Am. Supply Corp., 854 S.W.2d 371, 376 (Mo. banc 1993). The record is viewed "in the light most favorable to the party against whom judgment was entered," and we "accord [that party] all reasonable inferences from the record." Stoesz v. Wright, 541 S.W.3d 718, 722 (Mo. App. E.D. 2018). A party is entitled to summary judgment where there is "no genuine issue as to any material fact and . . . the moving party is entitled to judgment as a matter of law. . . ." Rule 74.04(c); ITT Commercial Fin. Corp., 854 S.W.2d at 378.

B. Analysis

Point I: The 2005 amendments to the SLEF statute Do not Apply to Bar Coverage of
Respondent's 42 U.S.C. § 1983 Award

In its first point on appeal, Appellant alleges the trial court erred in finding the 2005 amendments did not apply to exclude payment of Award against Sharp and Garrett. Appellant reasons that because Respondent's claim did not accrue until 2011, well after the SLEF statute was amended, the 2005 amendments applied to Respondent's claim. We disagree.

4

The principal issue in Appellant's first point is whether to apply the SLEF statute in effect in 2003, when the misconduct by Sharp and Garrett occurred, or the statute as amended in 2005. "When the words [in a statute] are clear, there is nothing to construe beyond applying the plain meaning of the law." State ex rel Valentine v. Orr, 366 S.W.3d 534, 540 (Mo. banc 2012) (citing State v. Rowe, 63 S.W.3d 647, 649 (Mo. banc 2002)). A court will look beyond the plain meaning of a statute only when the language is ambiguous or would lead to an "absurd or illogical" result. Akins v. Dir. of Revenue, 303 S.W.3d 563, 565 (Mo. banc 2010). The SLEF statute in effect in 2003 stated:

> [m]oney's in the [SLEF] shall be available for the payment of any claim or amount required by any final judgment tendered by a court of competent jurisdiction against (1) the [State], or any agency of the state . . . (2) Any officer or employee of the [State] or any agency of the state, including . . . members of state boards or commissions . . . upon conduct of such officer or employee arising out of and performed in connection with his or her official duties on behalf of the [State] or any agency of the State.

Section 105.711.2. However, the Legislature amended Section 105.726 after the Smith decision in 2005, adding the following language

> [m]oney's in the [SLEF] shall **not** be available for the payment of any claim or . . . amount required by any final judgment . . . against a board of police commissioners established under chapter 84, including the commissioners, any police officer . . . other employees, agents, representative, or any other individual or entity acting or purporting to act on its . . . behalf.

Section 105.726.3. We find that the 2003 statute applies.

Appellant asserts this Court should apply the statute as amended in 2005, because Respondent's claims against Sharp and Garrett did not accrue until at least 2011, when his 2006 conviction was overturned. This argument fails based on the plain language of the statute. Neither the 2003 statute, nor the amended version still in effect mentions the word "accrue." And as discussed above, when a statute's language is clear, we construe nothing beyond the plain meaning of the law, and only look beyond the plain meaning when the language is ambiguous. Orr, 266 S.W.3d at 540; Akins, 303 S.W.3d at 565. Further, this Court cannot add language to a

5

statute that the legislature did not include. City of Wellston v. SBC Commc'ns, Inc., 203 S.W.3d 189, 192 (Mo. banc 2006); see also Clark v. Kansas City, St. L. & C.R. Co., 118 S.W. 40, 44 (Mo. 1909) ("Courts have no right . . . to substitute their ideas of legislative intent for that unmistakably held by the Legislature and unmistakably expressed in legislative words."). Thus, the amended version of the SLEF does not apply to relieve Appellant's responsibility to cover the Award through the SLEF.

Additionally, Appellant's argument that this Court should apply the amended statute also fails because that would be an unconstitutional retrospective law. The Missouri Constitution states ". . . no ex post facto law, nor law . . . retrospective in its operation . . . can be enacted." Mo. Const. Art. 1 Section 13. The constitutional prohibition against retrospective laws applies to substantive laws, rather than procedural ones, because a litigant "has no vested rights in matters of procedure." Wellner v. Dir. of Revenue, 16 S.W.3d 352, 354 (Mo. App. W.D. 2000). Substantive laws are those that "take away or impair vested rights acquired under existing laws, or create a new obligation, impose a new duty, or attach a new disability in respect to transactions or considerations already past. Moses v. County of Jefferson, 910 S.W.2d 735, 736 (Mo. App. E.D. 1995).

We find the Western District's analysis in Sherf v. Koster instructive on this issue. 371 S.W.3d 903, 904 (Mo. App. W.D. 2012). In Sherf, police officer Charles Antoniak was off duty and working as a security officer for Crowd Systems Inc. in 2002. Id. While working for Crowd Systems, Antoniak arrested Sherf and then assaulted him. The federal district court found Antoniak had ceased acting on behalf of Crowd Systems after making the arrest, and because the assault occurred subsequent to the arrest, he was acting as a police officer when the assault occurred. Id. The jury returned a $7,278 verdict in favor of Sherf, and after that, Antoniak tendered a letter to the Attorney General requesting defense pursuant to the SLEF, which was

6

denied. Id. In March 2009 the federal court entered judgment in favor of Sherf for $188,618.90 in statutorily authorized attorney's fees. Id. at 904-5. In August of that year, Sherf made a written demand to the State for payment of that judgment from the SLEF, which was denied leading to Sherf's action for a declaratory judgment. Sherf argued that because his claim arose and was filed before the 2005 amendments to the SLEF, his claim should be covered by the SLEF. Id. at 907. The court noted, "substantive changes to a statute can only be applied prospectively," and "to the extent that a 2005 amendment would eliminate Antoniak's claim for coverage by the [SLEF], the amendment is substantive and can only be applied prospectively." Id.

Applying the amended statute in this case would clearly be the retrospective application of a substantive law because Sharp and Garrett's misconduct occurred in 2003, a time when they were covered by the SLEF. The statute stated money from the SLEF was available to pay any claim against ". . .[a]ny officer or employee of the [State] . . . upon conduct . . . arising out of and performed in connection with his or her official duties on behalf of the [State]. . . ." Section 105.711.2. (2003). Like in Sherf, where Antoniak's misconduct occurred when he was entitled to coverage by the SLEF, Sharp and Garrett's misconduct occurred in 2003 when Respondent was arrested and charged. The SLEF statute was not amended until 2005, thus to apply the amended statute and take away Sharp and Garrett's coverage would "impair vested rights acquired under existing laws." See Moses, 910 S.W.2d at 736. We decline to apply the 2005 statute to this case. Point one is denied.[2]

---

[2] Respondent argues that Appellant is estopped from denying responsibility to pay the Holmes judgment. The basis for Respondent's argument is a statement Appellant made after the federal civil trial. Seeking to stay enforcement of the judgment and waive the bond requirement securing the judgment, Appellant told the court, "the Judgment will definitely be paid, either by [the State] through its SLEF or by [the City]." We disagree. While there is not a "precise formula" to determine whether a party is judicially estopped, there are three considerations commonly used to guide the determination: "(1) a party's later position was clearly inconsistent with its earlier position, (2) the party succeeded in persuading a court to accept the earlier position, and (3) the party asserting inconsistent positions would derive an unfair advantage or impose an unfair detriment on the opposing party." Berger v. Emerson Climate Technologies, 508 S.W.3d 136, 142-43 (Mo. App. S.D. 2016) (quoting Minor v. Terry, 475 S.W.3d 124, 133 (Mo.

In its second point, Appellant alleges the trial court erred in finding the State was required to provide reimbursement of Respondent's 42 U.S.C. § 1983 judgment through the SLEF because (1) reimbursement is not applicable to this situation, and (2) reimbursement is contrary to the clear and unambiguous terms of the statute. We disagree.

As discussed above, from its inception in 1861 until September 2013, the SLMPD was under state control. See Hawley, 531 S.W.3d at 604. Section 84.345, enacted after the passage of Proposition A, states, "For any claim . . . or other action arising out of actions occurring before the date of completion of . . . transfer . . . the state shall continue to provide legal representation as set forth in section 105.726, and the [SLEF] shall continue to provide reimbursement for such claims under section 105.726." Section 84.345.2. The statute goes further, stating, "[t]his subsection applies to all claims, lawsuits, and other actions brought against any . . . police officer . . . ." Section 84.345.2. Respondent's claim arose in 2003, well before the date of transfer brought about by the passage of Proposition A, and it was a claim against two police officers, Sharp and Garrett.

Appellant again asserts this Court should apply the amended version of Section 105.726 to this case, arguing that the amended statute "clearly and unambiguously" states money from the SLEF will not be available for claims against police officers, and because Respondent's claim did not "accrue" until 2011, the trial court erred in finding SLEF funds were available to pay Respondent's Section 1983 judgment. Appellant reasons that reading the amended Section 105.726 together with Section 84.345, "it is clear that the SLEF did not have to reimburse any police officer . . . and that only claims, lawsuits and other actions *occurring before the*

---

App. E.D. 2014)). Appellant does not take a position that is clearly inconsistent with an earlier position. In making the statement to the federal court after the judgment in favor of Respondent, Appellant was merely noting that the judgment was going to be paid, but not necessarily by the SLEF. Thus, Appellant is not judicially estopped from denying responsibility for Respondent's Section 1983 judgment.

*completion of transfer to local control* were reimbursable." However, as we found in our discussion of Appellant's first point, the amended version of Section 105.726 does not apply to this case. Further, the actions leading to Respondent's claim occurred in 2003, roughly a decade before the transfer of the SLMPD to local control. Additionally, Section 84.345 plainly states that for any claim "arising out of actions" that occurred before the date of transfer to local control, SLEF monies are available, and that this applies to all claims brought against any police officer. Section 84.345.2. Sharp and Garrett's actions that led to Respondent's Section 1983 claim and judgment occurred in 2003, well before the date of transfer of the SLMPD to local control, and at that time Sharp and Garrett were police officers. Thus, Appellant's argument fails.

Appellant also argues the trial court misapplied the law in finding the Award was reimbursable by the SLEF, because there was no evidence before the trial court that any party has paid any portion of Respondent's Section 1983 judgment. In its brief, Appellant discusses the definition of "reimburse" at length, but all of this is because Appellant misconstrues the trial court's decision. The trial court's decree clearly states, "[Appellant] through the [SLEF], is required to ***indemnify*** [SLMPD] officers Sharp and Garrett for [the Award] entered by the United States District Court for the Eastern District of Missouri in Holmes v. Slay, et al . . . ." To indemnify means "(1) to make good a loss that someone has suffered because of another's act or default; (2) to promise to make good such a loss; or (3) to give security against such a loss." *Indemnify*, A Dictionary of Modern Legal Usage. (2d. ed. 1995). As discussed in our analysis of Appellant's first point, this is precisely what was required by the 2003 version of Section 105.711. See Section 105.711.2. Therefore, the trial court did not misapply the law in finding Appellant must indemnify Sharp and Garrett. Appellant's second point is denied.

*Respondent is Entitled to Summary Judgment*

Because the 2005 statutory amendments do not apply to Respondent's case, and because the trial court did not misapply the law in finding Appellant must indemnify Sharp and Garrett, we find Respondent is entitled to summary judgment. There is no genuine issue of material fact and movement is entitled to judgment as a matter of law because in 2003, when Respondent was arrested and Sharp and Garrett's misconduct occurred, the SLEF clearly covered Respondent's claim and indemnified Sharp and Garrett.

### III. Conclusion

The trial court's judgment is affirmed.

_____
ROY L. RICHTER, Judge

Robert M. Clayton III, J., concurs.
Angela T. Quigless, J., concurs.

10